**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000075
23-NOV-2011
07:49 AM**

NO. CAAP-11-0000075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE INTEREST OF K.D.-V
(FC-SS NO. 07-1-0098 - Confidential)
and
IN THE INTEREST OF K.D.-K
(FC-SS NO. 08-1-0092 - Confidential)


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Appellant-Mother (**Mother**) of KV and KK (**Children**) appeals from the Findings of Fact, Conclusions of Law and Order (**FOF/COL/Order**), filed on January 11, 2011 in the Family Court of the Second Circuit (**Family Court**).[1]  The Family Court found, among other things, that Mother was not willing or able to provide Children with a safe family home, even with the assistance of a service plan, and it was not reasonably foreseeable that she would become willing or able to do so within a reasonable period of time.  The court awarded permanent custody of Children to the Department of Human Services (**DHS**) and approved DHS's permanent plans dated November 1, 2010.

On appeal, Mother argues that the Family Court erred in finding that she was not willing or able to provide Children with

---

[1]  The Honorable Geronimo Valdriz, Jr. presided.

a safe family home, even with the assistance of a service plan, and it was not reasonably foreseeable that she would become willing or able to do so within a reasonable period of time. She maintains that: (1) many significant findings of the court relating to her parental unfitness were based on DHS's Supplemental Safe Family Home Report filed on November 13, 2009 (**11/13/09 Report**), which was inadmissible because Mother never had an opportunity to cross-examine the preparer of the report, DHS social worker Maureen Van Denburgh (**Van Denburgh**), about its contents; (2) the court's Findings of Fact (**FOFs**) 50, 54, 55, 71, 93 and 105 are clearly erroneous; and (3) Mother demonstrated that she was presently willing and able to provide Children with a safe and stable family home by complying with her service plan, as evidenced by the court's statement that DHS was ready to begin reunifying her with Children.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

The family court did not clearly err in concluding that Mother was not able or willing to provide a safe family home for Children and it was not reasonably foreseeable that she would be able or willing to do so within a reasonable period of time.

(1) Mother does not indicate and the record does not reveal that Mother objected to the family court's consideration of the 11/13/09 Report or her inability to cross-examine Van Denburgh about its contents, and this argument is waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii).

Even if the argument were not waived, there was substantial evidence in the October 26, 2010 Final Safe Family Home Report prepared by C. Satyo Dosland (**Dosland**), and in Dosland's testimony at the show cause and termination of parental rights hearings respectively, to support the family court's

2

Conclusions of Law (**COLs**); and Mother had ample opportunity to cross-examine Dosland at the hearings.

(2) FOFs 50, 54, 55, and 93 are not clearly erroneous because there is substantial evidence in the record to support them.

FOF 71 is clearly erroneous because the evidence shows that KV has been placed in fourteen, not seventeen foster homes. This error is harmless because it does not affect Mother's substantial rights. Hawaii Rules of Evidence Rule 103(a).

(3) The Family Court did not clearly err in determining that Mother failed to demonstrate she was willing and able to provide Children with a safe and stable family home, despite her compliance with her service plan, and FOF 105 is not clearly erroneous, because there was substantial evidence in the record to support the court's COLs, and DHS gave Mother more than the required amount of time to demonstrate that she was willing and able to provide Children with a safe family home or that it was reasonably foreseeable that she would become willing or able to do so within a reasonable amount of time. Hawaii Revised Statutes § 587A-33(h)(i) (Supp. 2010).

Therefore, we affirm the Family Court's January 11, 2011 Findings of Fact, Conclusion of Law and Order.

DATED: Honolulu, Hawai'i, November 23, 2011.

On the briefs:

Davelynn M. Tengan
for Mother-Appellant

Brent K. Osterstock
Jennifer M.P.E. Oana
Deputy Attorneys General
for Appellee Department of
  Human Services

Presiding Judge

Associate Judge

Associate Judge

3